## BENNET and Wife *v.* EAST.

An infant is concluded by proceedings under the Probate act of 1838, instituted for his benefit, unless such proceedings were tainted with fraud, and he is not allowed, for any other cause than fraud, to open them on arriving at full age; but, on attaining to his majority, he may open proceedings instituted, under that act, against him, by petition for a review in the Court in which they were had. In all other cases, by the R. S. 1838, he is entitled to his writ of error at any time within five years after the disability of infancy is removed. *Semble*, that, in the first instance, the only remedy of the infant is upon the bond of the guardian, or other person who undertook to act for him or to use his name. In the second instance, where the proceedings are against him, he may, on the result of the review allowed being unsatisfactory, appeal to the Supreme Court on the usual terms. The third instance embraces all proceedings in suits at common law, as distinguished from these special proceedings under statutes.

APPEAL from the *Monroe* Probate Court.

STUART, J.—*East*, as guardian of *Mary Ann Bennet*, made application to the *Monroe* Probate Court for the sale of certain lands belonging to his ward, then *Mary Ann East*. The petition is in these words, viz: "Your petitioner, *Jesse East*, guardian of the person and property, both real and personal, of *Mary Ann East*, one of the heirs of my wife, *Sarah Ann East*, deceased, who was one of the lawful heirs of *Byrd Combs*, deceased, respectfully represents that the said *Byrd Combs* died seized and possessed of two hundred acres of land, lying and being in the county of *Monroe*, and on the waters of *Indian* creek, and his said ward being one of the legal surviving heirs aforesaid; that it would be advantageous and much to the interest of his said ward that her interest therein should be sold at private sale. The said land is constantly in cultivation, and yearly diminishing in value, from its location and soil. Said ward is now only eleven years old, the 30th of *June*, 1843. That if it shall remain in cultivation until she becomes capable of lawfully taking charge thereof, it would be greatly diminished in value." Then follows the prayer for the appointment of commissioners to appraise, &c., and a description of the land.

These proceedings were instituted at the *August* term, 1843, under the probate law of 1838.

Appraisers were accordingly appointed by the Court, who returned their proceedings in that behalf in these words, viz.:

"The undersigned being appointed to value and appraise two hundred and twenty acres of land, the property of *Byrd Combs*, deceased, and described in the petition of *Jesse East* for a sale of a part thereof, after being duly sworn, do say and appraise the said two hundred and twenty acres at 660 dollars. *August* 14, 1843." Signed by the appraisers.

*East* immediately filed his additional bond, and the Court ordered the sale of *Mary Ann's* interest upon such terms as *East* might deem expedient, and that when so sold, he should report his proceedings to that term of that

Nov. Term,
1855.

BENNET
v.
EAST.

*Friday,*
*December* 7.

Court. On the 16th of *August, East* reported the sale of *Mary Ann's* interest to certain persons named, at 250 dollars. The Court confirmed the sale, and a deed was ordered and made to the purchasers.

The petition shows that, at the date of these proceedings, *Mary Ann* was a minor, viz., eleven years old on the 30th of *June,* 1843. She, therefore, arrived at full age on the 29th of *June,* 1853. The record was filed in this Court and notice issued on the 16th of *December,* 1853. The case is brought here within the proper time, if this be the place to correct the errors assigned.

But we are of opinion that under the statute of 1838, the redress of the minor does not lie in this Court in the first instance. It is true, there is no brief for *East,* and no authorities are cited in favor of the positions assumed by those who assign error. But we can not overlook the proceedings in the record, nor the provisions of the public act under which they purport to have been had. R. S. 1838, c. 24, p. 172. The 37th section of that act provides, that proceedings instituted for the benefit of infants, or in which they may be plaintiffs, if conducted in good faith, without fraud, shall not be liable to be opened by such infants on their arrival at mature age; but that in all proceedings against infants by their guardian at law, or *ad litem,* they may open the decree, &c., at any time within one year after they arrive at mature age, by filing a petition in the Court in which such proceedings were had, for a review thereof, &c. *Id.,* p. 188.

To bring the several enactments bearing on the subject together, it is elsewhere provided, that "writs of error issuing from, and appeals made to, the Supreme Court, shall extend to all judgments and decrees given by any of the inferior Courts of record," &c., with certain exceptions not material to the question before us. R. S. 1838, p. 202.

And, again, it provides that all writs of error must be prosecuted within five years after judgment, &c., unless the plaintiff was, at, &c., an infant, in which case the five years shall be computed from the time such disability ceased. R. S. 1838, p. 205.

The rules to be deduced from these several provisions, then, are these:

1. That in proceedings under the Probate act, instituted for the benefit of an infant, such infant is concluded thereby, unless such proceedings were tainted with fraud: he shall not for any other cause be permitted to open them on arriving at full age.

2. But in proceedings, under the Probate act, against an infant, he may, on arriving at full age, open them by petition for a review, in the Court in which they were had.

3. In all other cases, he shall be entitled to his writ of error at any time within five years after the disability is removed.

In the first instance, the only remedy would seem to be on the bond of the guardian or other person who assumed to act for him or use his name. In the second instance specified, where the proceedings are against an infant, he may, on arriving at maturity, petition for a review in the Court in which the proceedings were originally had; and in case the result of such review were not satisfactory, he could appeal to this Court on the usual terms. The third instance embraces all proceedings in suits at common law, as distinguished from these special proceedings under statutes. In this way, effect is given to these several acts, and the whole is made consistent and harmonious.

This construction is also supported by weighty considerations of policy. When the sale is for the benefit, or at the instance of the infant, he must be presumed to have received the proceeds, either directly or indirectly. To permit him to retain that advantage, gained at his own instance, and still come in and set aside the proceedings on error, would be to permit him to take advantage of his own wrong. Hence, the sound policy of the statute in prohibiting the opening of proceedings had at the instance or for the benefit of the infant. In such cases the infant has no day in Court. And such a rule is due to good faith, alike on the part of the infant as towards those who purchased relying on the conclusive character of the proceedings under which the sale was had.

Nov. Term, 1855.

Bennet
v.
East.

We are therefore of opinion that on a proper construction of the act of 1838, under which these proceedings were had, the infant has no remedy by writ of error, in cases where the sale was for his benefit or at his instance.

The writ of error should be dismissed.

*Per Curiam.*—The writ of error is dismissed.

*D. McDonald*, for the appellants.